Kenneth R. **RITTER**

v.

**UNITED STATES of America et al.**

Civ. A. No. 73–3518–C.

United States District Court,
D. Massachusetts.

Oct. 22, 1975.

————◆————

Charles P. Lessa, Black & Lessa, Ayer, Mass., for plaintiff.

James N. Gabriel, U. S. Atty., Marshall D. Stein, Asst. U. S. Atty., for defendants.

## OPINION

CAFFREY, Chief Judge.

This is a civil action in which plaintiff seeks declaratory and injunctive relief against the United States, the Secretary of the Army, and the Commanding Officer, Fort Devens, Massachusetts. Jurisdiction of this court is invoked under 28 U.S.C.A. § 2201 for a cause of action alleged to arise under 10 U.S.C.A. § 3258. The matter came before the Court upon defendants' motion to dismiss or in the alternative for summary judgment.

There appears to be no controversy between the parties as to the following facts underlying this lawsuit.

10 U.S.C.A. § 3258 provides as follows:

Any former enlisted member of the Regular Army who has served on active duty as a Reserve officer of the Army, or who was discharged as an enlisted member to accept a temporary appointment as an officer of the Army, is entitled to be re-enlisted in the Regular Army in the enlisted grade that he held before his service as an officer, without loss of seniority or credit for service, regardless of the existence of a vacancy in his grade or of a physical disability incurred or having its inception in line of duty, if (1) his service as an officer is terminated by an honorable discharge

or he is relieved from active duty for a purpose other than to await appellate review of a sentence that includes dismissal or dishonorable discharge, and (2) he applies for reenlistment within six months (or such other period as the Secretary of the Army prescribes for exceptional circumstances) after termination of that service. However, if his service as an officer terminated by a general discharge, he may, under regulations to be prescribed by the Secretary of the Army, be so reenlisted. Aug. 10, 1956, c. 1041, 70A Stat. 179; Aug. 8, 1958, Pub.L. 85-603, § 1(1), 72 Stat. 526.

Plaintiff served in the Regular Army as an enlisted man during the period from September 27, 1948 to April 27, 1952, at which time he held the rank of Staff Sergeant. He then obtained an honorable discharge from the Regular Army in order to accept a commission as a Second Lieutenant in the Army Reserve, in which component he entered on active duty on April 28, 1952 and in which he served until he was released from active duty as a Reserve officer on October 16, 1953. Plaintiff remained in the Army Reserve in an inactive status until either February 16 or March 16, 1962, at which time he obtained approval of his request for return to active duty. While it is not clear from the file whether it was in February or in March of 1962 that he returned to active duty, it is clear that he continued from whichever date is factual until May 31, 1973, at which time he was notified that because of a reduction in force (RIF) he would be involuntarily released from active duty. On November 30, 1973 he was released from active duty.

Subsequent to receiving notification, on May 31, 1973, that he was to be released from active duty, plaintiff submitted a Department of Army Form 1696-R, "Enlistment Qualifying Application," by which he sought to reenlist in the Regular Army following his release from active duty as a Reserve officer. This application was denied by letter dated August 25, 1973, written on behalf of the Secretary of the Army by the Commanding Officer of the U. S. Army Enlistment Eligibility Activity. Thereafter, the instant litigation was commenced in which plaintiff contends that 10 U.S.C.A. § 3258 establishes that he has a statutory entitlement to reenlistment.

The cases most precisely on point would appear to be two opinions of the Court of Appeals for the Fifth Circuit, *Frazier v. Callaway*, 504 F.2d 960 (5 Cir. 1974), and *Glemaker v. Schlesinger*, 504 F.2d 966 (5 Cir. 1974). In *Frazier*, the Court of Appeals reversed the district court decision which had recognized a statutory right of reenlistment, holding that as a matter of statutory construction a man who received a Reserve commission four years after his discharge from the Regular army was not entitled, on the basis of 10 U.S.C.A. § 3258, to reenlist in the Regular Army as an enlisted man. In *Glemaker*, the Court of Appeals upheld a lower court order, declaring that a man who was discharged from the Regular Army in 1963, who enlisted in the Army Reserve in 1964, but who was not commissioned as a Reserve officer until 1967, was not entitled to reenlist in the Regular Army on the basis of 10 U.S.C.A. § 3258.

The rationale of both these decisions seems to be that the legislative history of the statute indicates that the Congressional intent was that a man must accept his Reserve commission *immediately* upon his discharge from the Regular Army in order to be entitled to reenlist under § 3258.

The instant case raises a somewhat different question as to whether or not plaintiff has rights under § 3258. Here, plaintiff failed to apply for reenlistment within the time prescribed for so doing by the express provisions of § 3258 when he was first released from active duty in the Army Reserve in 1953. In pertinent part, § 3258 provides that the right to reenlist comes into existence if ". . . he applies for reenlistment within six

months (or such other period as the Secretary of the Army prescribes for exceptional circumstances) after termination of that service [on active duty]." There is no contention herein that the Secretary prescribed any other period for exceptional circumstances. Thus, the problem for resolution is whether plaintiff is precluded from successfully claiming a right to reenlistment because of his failure to reenlist within the statutory six-month period when released from active duty in 1953.

The only case which seems to have construed the effect of failure to reenlist within the six-month period is *Fairbank v. Schlesinger*, Civil Action No. 1829 (D.D.C. Nov. 1, 1973), a case in which defendant's motion for summary judgment was allowed, without opinion, on facts very similar to those in the instant case. An attachment to the government brief filed in the instant case establishes that Fairbank enlisted in the Regular Army on September 8, 1953 and served therein until he received a discharge on March 7, 1955 for the express purpose of accepting a commission in the Army Reserve. Thereafter, he served on active duty as a Reserve officer until March 31, 1957. He did not at this time attempt reenlistment in the Regular Army. He remained in the Reserve on inactive duty until October 1961, when he consented to an order putting him on active duty as a Reserve officer. He served on active duty as a Reserve officer until May 31, 1973, at which time he was selected for release from active duty on the basis of 10 U.S.C.A. § 681. His application to reenlist in the Regular Army was filed subsequent to May 31, 1973 and was denied by the Secretary on August 24, 1973.

It is obvious that Fairbank, like the plaintiff herein, did not apply for reenlistment in the Regular Army as an enlisted man within six months after the first termination of his active duty as a Reserve officer.

▪ Counsel have briefed the legislative history of 10 U.S.C.A. § 3258, possibly out of a commendable sense of caution. However, the Court believes that there is no need to proliferate this opinion by an extensive review of that legislative history because of the long-established principle that resort to legislative history is called for only when construing an ambiguous statute.

▪ I rule that § 3258 is not ambiguous in its six-month requirement and that plaintiff has failed to show that he has a right under that Section to reenlistment as an enlisted man in the Regular Army, because on the record of this case it is undisputed that he failed to apply for such reenlistment when his statutory entitlement to it so vested in him when he was first released from active duty as a Reserve officer back in 1953. There is nothing in the plain language of the statute (nor, for that matter, in the legislative history of the statute, which the Court has considered) that suggests that plaintiff should have a second bite at the statutory entitlement by applying for enlistment subsequent to a second tour of active duty which terminated approximately twenty years after his original entitlement.

Consequently, the motion to dismiss should be treated as a motion for summary judgment under Rule 12(b)(6) and allowed.

Judgment accordingly.